UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DWAYNE KEITH WOODS,

    Plaintiff,

v.                                                   Case No. 3:21-cv-352-TJC-MCR

CIRCLE K STORES, INC., a
Foreign Profit Corporation and
LOIS SMITH, individually and as
store manager,

    Defendants.

**O R D E R**

This personal injury case is before the Court on Plaintiff Dwayne Woods' Motion to Remand to State Court and for an Award of Costs, Including Attorney's Fees (Doc. 8). Woods contends that this case should be remanded for lack of diversity and because Defendant Circle K Stores, Inc. ("Circle K") fails to demonstrate that the amount in controversy has been met. Circle K filed a response (Doc. 9) arguing that Woods fraudulently joined Defendant Lois Smith (allegedly a Circle K store manager) for the purpose of destroying diversity, and that the amount in controversy is met based on both a demand letter sent by Woods' attorney and Woods' failure to stipulate that the amount in controversy is below $75,000. (Doc. 9). Woods filed a notice of supplemental authority. (Doc. 10).

## I.  BACKGROUND

Woods alleges he fell on a slippery floor on July 1, 2020, at a Circle K located at 11985 Beach Boulevard in Jacksonville, Florida. (Doc. 5 ¶¶ 5, 8). Woods sent a demand letter to Circle K on November 5, 2020, through counsel, offering to settle for $500,000. (Doc. 9-2). The letter details medical expenses totaling $27,122.91 as well as an estimate by a medical professional that Woods had sustained nine percent permanent impairment to his body as a whole and would require $3,500 per year in medical care. Id. at 3.

On March 3, 2021, Woods, a Florida resident, sued Circle K, a foreign corporation, and Lois Smith, a Florida resident, in state court for negligent failure to maintain safe store conditions. (Doc. 5 ¶¶ 8, 19). Woods alleges permanent and continuing injuries. Id. ¶ 25. He seeks damages for bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, mental anguish, loss of capacity for the enjoyment of life, loss of earnings or earning ability, lost wages, medical expenses, and other expenses. Id. The Complaint does not allege a specific amount for damages, but it values the claim at over $30,000. Id. ¶ 1.

Circle K removed the case to this Court on March 31, 2021, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(2). (Doc. 1 ¶ 10). Circle K argues that Woods is a citizen of Florida, that Circle K is a foreign company with its

principle place of business in Arizona, and that Woods fraudulently joined Lois Smith to destroy diversity. Id. ¶¶ 3–4.

Woods moved to remand on April 13, 2021. (Doc. 8). Woods argues that Circle K failed to demonstrate that the amount in controversy is satisfied for the purposes of diversity jurisdiction. Id. at 15–16. He also argues that Smith could legally be held liable and is therefore properly joined. Id. at 6–8.

In its response, Circle K asserts that its counsel sent Woods' counsel three emails, one on April 24, 2021, and two on April 27, 2021, requesting Woods stipulate that the amount in controversy was below $75,000. (Doc. 9-3). Circle K claims Woods failed to respond to these emails. (Doc. 9 at 9). Circle K further claims that joinder is improper because Woods must and cannot prove that Smith breached a duty owed through personal fault as opposed to technical or vicarious fault. Id. at 5.

## II.   LEGAL STANDARD

The Court has original jurisdiction over civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The parties do not dispute diversity between Circle K and Woods. The parties disagree, however, that Circle K has demonstrated that the amount in controversy exceeds $75,000.00.

"[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

3

jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010). Defendants can submit their own evidence to satisfy the jurisdictional requirements of removal. Id. at 756. Jurisdiction is determined as of the time of removal. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. Id. at 1095.

A defendant may use "a copy of an amended pleading, motion, order or other paper" to support their notice of removal. 28 U.S.C. § 1446(b). "[D]efendants can use demand letters, as 'other paper' under 28 U.S.C. § 1446(b), to determine whether a case is removable." Golden v. Dodge-

4

Markham Co., Inc., 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998). While a demand letter containing a settlement offer may not be determinative, "it counts for something." Burns, 31 F.3d at 1097. "A plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy." White v. State Farm Mut. Auto Ins. Co., No. 3:13-CV-765-J-99TLC-PDB, 2013 WL 6061890, at *5 (M.D. Fla. Nov. 18, 2013) (quoting Diaz v. Big Lots Stores, Inc., No. 5:10-cv-319-Oc-32JBT, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010)) (internal quotation marks omitted).

### III. ANALYSIS

Circle K has failed to prove by a preponderance of evidence that the amount in controversy has been met. The pre-suit demand letter alleges specific damages of $27,122.91 (Doc. 9-2), and there is not enough evidence supporting the approximate $48,000 gap between Woods' incurred medical expenses and the jurisdictional threshold. The demand letter containing the settlement offer, which is influential but not determinative evidence, was sent by Woods prior to the lawsuit and can be viewed as puffery and posturing.[1] See Burns, 31 F.3d at

---

[1] The estimate of $3,500 annually for future medical expenses was included in the demand letter as an estimate by one doctor but not included in Woods' Complaint; while the estimate may be viewed as influential, it is not determinative, and the Court will not rely on the estimate as a sole basis to exercise diversity jurisdiction.

1097; Reynolds v. Busch Entertainment Corp., No. 8:03-cv-288-T-17MSS, 2003 WL 25569730 at *5 (M.D. Fla. June 18, 2003) (holding that a demand letter devoid of facts enabling the receiver to evaluate the claim may be considered "nothing more than mere posturing"). Furthermore, while Woods' failure to stipulate that the amount in controversy was below the jurisdictional threshold should be taken into consideration, it is similarly not determinative. Moreover, Circle K did not have this information at the time of removal.[2] Circle K has not demonstrated by a preponderance of evidence that the amount in controversy was met. This case is due to be remanded.[3]

In his motion, Woods seeks attorney's fees resulting from Circle K's removal. (Doc. 8 at 22). The Supreme Court has previously held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Circle

---

[2] The Court cannot consider post-removal evidence meant to establish facts not present at the time of removal. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 773 (11th Cir. 2010).

[3] Because the Court has determined that the amount in controversy has not been met, the Court need not address whether Lois Smith was fraudulently joined.

K's request for removal was not objectively unreasonable; therefore, Woods' request for attorney's fees is denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff Dwayne Keith Woods' Motion to Remand to State Court and for an Award of Costs (Doc. 8) is **GRANTED in part**, insofar as the Court grants Plaintiff's request for remand, and **DENIED in part**, insofar as the Court denies Plaintiff's request for attorney's fees. This case is **REMANDED** to the Fourth Judicial Circuit Court in and for Duval County, Florida. Following remand, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of July, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

LK
Copies:

Counsel of record
Clerk of Court, Fourth Judicial Circuit Court in and for Duval County, Florida